# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZAPPOS.COM, INC., a California corporation, ) | |
|     Plaintiff, ) | Case No. 2:07-cv-01726-RCJ-GWF |
| vs. ) | **ORDER** |
| GLOBAL PATENT HOLDINGS, LLC., ) | **Motion to Stay Proceedings - #23** |
|     Defendant. ) | |

This matter is before the Court on Plaintiff Zappos.com's Motion to Stay Proceedings Pending Outcome of '341 Patent Reexamination (#23), filed on March 13, 2008; Global Patent Holdings' Response in Opposition to Zappos.com's Motion for a Stay Pending Reexamination of the Patent in Suit (#28), filed April 2, 2008; and Plaintiff's Reply Memorandum in Support of Zappos.com's Motion to Stay Proceedings Pending Outcome of '341 Patent Reexamination (#32), filed April 10, 2008. The Court conducted a hearing in this matter on April 17, 2007.

## DISCUSSION

Plaintiff Zappos.com, Inc. ("Zappos") filed its complaint in this action on December 26, 2007 in which it seeks a declaratory judgment against Defendant Global Patent Holdings, LLC ("Global Patent") that Zappos is (1) not infringing any valid claim of the '341 Patent owned by Global Patent; (2) that the claims of the '341 Patent are invalid; and (3) that Zappos has absolute and/or equitable intervening rights in the '341 Patent and that Zappos is entitled to a declaration that it does not infringe any valid claims of the '341 Patent by virtue of its intervening rights. Zappos alleges in its complaint that since August 2007, it has received letters from Global Patent in which Defendant explains how Zappos's website induces and contributes to the use of the patented methods of the '341 Patent and

proposes to enter into a dialogue with Zappos on settlement involving the execution of a licensing agreement. According to the complaint, Global Patent also informed Zappos of other pending actions that Global Patent has filed against third parties in Illinois and Florida with respect to the '341 Patent.

On February 5, 2008, Global Patent filed a Motion to Dismiss (#15) in which it asserts that the District of Nevada does not have personal jurisdiction over Global Patent based on the lack of minimum contacts in the State of Nevada and District of Nevada. In response to Defendant's motion to dismiss, Zappos filed a Motion for Leave to Conduct Jurisdictional Discovery (#17) and an Opposition to Defendant's Motion to Dismiss (#18) on February 23, 2008. On March 19, 2008, the Court entered Order (#25) stating that in the event the Court holds that Zappos has not made a *prima facie* showing of personal jurisdiction over Defendant, Zappos is granted leave to conduct jurisdictional discovery in accordance with the proposed discovery attached to Zappos's Response to Motion to Dismiss for Lack of Jurisdiction. (#18, Exhibit 10). That proposed discovery consists of 11 requests for production of documents and 13 interrogatories that Zappos will serve on Global Patent regarding its business activities, if any, in Nevada. Defendant's motion to dismiss is otherwise fully briefed and a hearing on the motion is scheduled before Judge Jones on April 28, 2008.

On March 13, 2008, Zappos filed the instant Motion to Stay Proceedings Pending Outcome of '341 Patent Reexamination (#23). In its motion, Zappos states that on March 5, 2008, the United States Patent and Trademark Office (PTO) granted a request for reexamination of the '341Patent. Zappos argues that the Court should stay all proceedings in this action pending the outcome of the PTO's reexamination of the '341 patent in the interests of judicial economy because (1) this case is in its infancy, (2) the PTO's reexamination of the patent could either dispose of this case in its entirety or narrow and clarify the issues in dispute, and (3) Global Patent will not be prejudiced by a stay. Global Patent opposes the entry of a stay in this action in the event the Court holds that there is personal jurisdiction over it in this District. Global Patent argues that the '341 Patent has already been the subject of a lengthy PTO reexamination and that a stay of this action while the PTO conducts another potentially lengthy reexamination of the patent will deprive it of the ability to establish the validity of the patent and whether Zappos and other third parties are infringing the patent. Part of Defendant's concern is that a stay order by this Court may set a precedent for motions to stay pending in the other

actions in which Global Patent is a party.

The decision to grant or deny a motion to stay proceedings pending the outcome of a PTO reexamination proceeding rests with the sound discretion of the court. *ASCII Corp. v. STD Entertainment USA,* 844 F.Supp. 1378, 1380 (N.D. Cal. 1994), citing *GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992). In determining whether to grant a stay, courts generally consider whether doing so would "'cause undue prejudice or present a clear tactical disadvantage to the non-moving party.' *GPAC*, 144 F.R.D. at 63. Other factors considered are 'the * * * stage in the litigation, [whether] discovery [is] or [will] be almost completed, [and whether] the matter [has] been marked for trial.' *Id.* at 64." *ASCII, supra.* Although this case is in its early stages, Defendant has moved for dismissal of the action based on lack of personal jurisdiction over it in the District of Nevada. If the Court determines that personal jurisdiction is lacking over Defendant in this District and dismisses Zappos's complaint, then Zappos can elect whether to file its declaratory relief action in a jurisdiction where Global Patent is subject to jurisdiction, or await the outcome of the PTO patent reexamination. Conversely, if the Court finds that personal jurisdiction over Global Patent exists in the District of Nevada, then the Court can revisit the issue of whether a stay of the proceedings in this action pending the outcome of the PTO reexamination is appropriate. Assuming that the Court finds that Zappos has not made a *prima facie* showing of personal jurisdiction, the jurisdictional discovery that Zappos proposes to conduct is not overly burdensome. Furthermore, the burden of that discovery falls primarily on Defendant which opposes a stay and seeks a prompt resolution of the jurisdictional issue. Under these circumstances, judicial economy would appear to favor an initial decision on the jurisdictional issue. The Court therefore concludes that this action should not be stayed in regard to whether the Court has personal jurisdiction over Defendant Global Patent. Once that issue is decided, the Court will revisit, if necessary, whether this action should be stayed pending the outcome of the PTO reexamination. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Zappos.com's Motion to Stay Proceedings Pending Outcome of '341 Patent Reexamination (#23) is **denied** insofar as a stay would preclude a decision on Defendant's Motion to Dismiss (#15) and/or jurisdictional discovery if necessary.

. . .

1  **IT IS FURTHER ORDERED** that this action is **temporarily stayed** as to all other
2 proceedings pending the Court's decision on Defendant's Motion to Dismiss (#15).  In the event the
3 Court denies Defendant's motion to dismiss, this Court will hereafter decide Plaintiff's motion to stay
4 proceedings in this case pending the outcome of the PTO's reexamination of the '341 Patent.
5  DATED this 23rd day of April, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge